IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN MELTON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BALTIMORE (City Yard),<br>MAYOR BRANDON SCOTT,<br>CITY OF BALTIMORE POLICE DEPT.,<br>COMM. MICHAEL HARRISON,<br>STATE OF MARYLAND,<br>GOVERNOR WES MOORE,<br>DETECTIVE FRANK MILLER,<br><br>    Defendants. | Civil Action No.1:23-cv-1514-LKG<br><br>Dated: June 13, 2023 |

USDC- GREENBELT
'23 JUN 13 PM 1:09

## ORDER

Self-represented Plaintiff Steven Melton filed the above-entitled action seeking recovery for property he alleges was improperly auctioned off by the city following its seizure pursuant to a search warrant issued in connection with his criminal conviction. ECF No. 1. Melton does not provide enough information in his complaint for this Court to discern whether he attempted to have his property, a 2000 Buick Park Avenue, returned through resort to the established State process for doing so. *See* Md. Code Ann., Crim. Proc. § 1-203(c) and (d). He will be granted 28 days from the date of this Order to supplement his complaint with information regarding all State court procedures he has pursued with respect to his car.

Melton is incarcerated and he filed a Motion to Proceed in Forma Pauperis. ECF No. 2. The affidavit in support of the motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides that

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

Thus, Melton must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist Melton in providing this information to the Court, the Finance Officer at North Branch Correctional Institution ("NBCI") shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

Accordingly, it is this 13th day of June, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff IS GRANTED 28 days to supplement his complaint as directed herein;
2. Plaintiff SHALL BE REQUIRED to inform the Court of any change of address during the pendency of this action pursuant to Local Rule 102.1.b.iii (D. Md. 2021);
3. Within TWENTY-ONE (21) days from the date of this Order, the Finance Officer at NBCI SHALL FILE an inmate account summary information sheet for the past six months of Plaintiff's incarceration. The Finance Officer ALSO SHALL FILE a certificate which indicates (a) the average monthly balance in the account for the six-month period immediately preceding the filing of this complaint and (b) the average monthly deposits to the account during that time. The Finance Officer SHALL PROVIDE Plaintiff with a copy of any documentation filed with the Court. Plaintiff is cautioned that his failure to assist prison personnel in obtaining such information will result in dismissal without prejudice of this action without further notice from the Court; and
4. The Clerk IS DIRECTED to MAIL a copy of this Order to the FINANCE OFFICER at NBCI and to Plaintiff.

LYDIA KAY GRIGGSBY
United States District Judge