IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN MELTON, | * |
| Plaintiff, | * |
| | * Civil Case No.: SAG-23-01514 |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | * |
| Defendants. | * |

* * * * * * * * * *

## MEMORANDUM OPINION

Self-represented Plaintiff Steven Melton ("Plaintiff") filed an amended complaint against the Baltimore Police Department ("BPD"), and BPD Officers Frank Miller and Gary Niedermeier (the "Individual Defendants"), alleging constitutional claims arising out of the seizure and eventual sale of his vehicle. ECF 13. The Defendants have filed motions to dismiss for failure to state a claim.[1] ECF 26 (Defendants Miller and Niedermeier); ECF 27 (BPD); ECF 28 (Baltimore City). Despite having been advised of the potential effect of a failure to file an opposition to these dispositive motions, and having asked for and been granted an extension of time to do so, Plaintiff has not filed an opposition. This Court has reviewed all three motions and

---

[1] The motion filed by the Individual Defendants is, in the alternative, a motion for summary judgment. ECF 26.

finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the motions to dismiss will be GRANTED.

## I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Amended Complaint, ECF 13, and are assumed to be true for the purposes of the pending motions. Baltimore Police Officers arrested Plaintiff for felony homicide on April 12, 2021. *Id.* ¶ 6. After his arrest, Defendants Miller and Niedermeier had two vehicles towed to the BPD crime lab bay: a Honda Accord registered to Plaintiff's girlfriend and a 2000 Buick associated with Plaintiff. *Id.* ¶ 8. BPD did not notify Plaintiff when his Buick was seized. *Id.* ¶ 9. He had personal property inside the vehicle. *Id.* ¶ 11.

The next day, BPD released the Honda Accord to Plaintiff's girlfriend. *Id.* ¶ 12. Defendants Miller and Niedermeier sent the Buick to the impound lot, where it remained on police hold. *Id.* ¶ 13. Plaintiff's relatives made multiple inquiries to pick up the Buick but were unsuccessful because of the hold. *Id.* ¶¶ 14, 15, 17. On October 8, 2021, BPD released the hold but did not notify Plaintiff or his relatives to pick up the Buick. *Id.* ¶ 18. On either February 23, 2022 or January 24, 2023, the impound lot auctioned off the Buick without notice to or consent from Plaintiff. *Id.* ¶ 25, 19.

Plaintiff claims, pursuant to 42 U.S.C. § 1983, that these actions constituted unlawful search and seizure in violation of his Fourth Amendment Rights and an infringement of his due process rights under the Fifth and Fourteenth Amendments. *Id.* at 4, 5.

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty.*

*Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' …." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of

3

those facts is improbable and … recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, all of his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd* 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely

4

presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## II.  DISCUSSION

### A.  Mayor and City Council (ECF 28)

This Court turns first to the motion filed by the Mayor and City Council of Baltimore ("the City") on behalf of the defendant identified as the "Baltimore City Department of Transportation Impound Lot" ("Impound Lot"). The Impound Lot is, at best, a department or branch of City government and is not separately amenable to suit. *See Upman v. Howard Cnty. Police Dep't*, No. RDB-09-1547, 2010 WL 1007844, at *2 (D. Md. Mar. 17, 2010) (finding that only Howard County and not its individual departments could be sued because the departments have no legal identity); *see also Strebeck v. Balt, Cnty. Police Dep't*, No. JFM-05-02580, 2005 WL 2897932, at *1 (D. Md. Oct. 17, 2005) (holding that Baltimore County Police Department and Baltimore County Council are not entities amenable to suit). If Plaintiff's claim were to lie against any entity, it would be the Mayor and City Council of Baltimore, not the Impound Lot. *See* Balt. City Charter (1996 ed), Art. 1 § 1. For the reasons addressed in the next section, though, a simple name change will not save Plaintiff's claim.

### B.  BPD (and Mayor and City Council) (ECF 27 and 28)

However, even if the Mayor and City Council had been properly identified as a Defendant, the claims against both BPD and the Mayor and City Council must be dismissed. Plaintiff alleges that the allegedly unconstitutional actions in this case were taken by Defendants

Miller and Niedermeier, and possibly some other unnamed persons working for either BPD or the Impound Lot. Section 1983 does not permit liability against the employer of a tortfeasor unless "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). A municipality "cannot be held liable solely because it employs a tortfeasor." *Id.* Plaintiff's Complaint does not allege any kind of municipal or departmental policy or custom that caused his harms, or any pattern or practice of unconstitutional conduct. He has not alleged anything about the training or supervision of Defendants Miller or Niedermeier or any other employees. Because Plaintiff simply alleges the facts that happened in his case and suggest the actions taken by the individuals were unconstitutional, he has not stated a plausible claim against either BPD or the Mayor and City Council for constitutional harms.

      C.     **Defendants Miller and Niedermeier (ECF 26)**

The Individual Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. As this case is pre-discovery, however, this Court declines to convert the motion to a motion for summary judgment and will construe it as a motion to dismiss. It will consider, however, the search warrant itself, which is integral to the complaint and the contents of which do not appear to be in dispute. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (permitting a court to consider, without converting the motion to dismiss into one for summary judgment, documents attached to a motion to dismiss if the document is "integral to the complaint and there is no dispute about the document's authenticity."). A document is "integral" to the complaint if its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal quotation marks omitted) (emphasis removed).

Per the allegations in Plaintiff's complaint, taken as true, Detectives Miller, Niedermeier, and other BPD employees conducted a warrantless seizure of the Buick, towing it to the crime lab bay while applying for a warrant to search it. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."). They then procured a search warrant and searched the vehicle. The Individual Defendants rest on the same probable cause for both the warrantless seizure and the search warrant: that Plaintiff appeared to have driven the Buick to the murder scene at the time of the murder, and that he fled the scene in the Buick. Those facts provide ample probable cause for the warrantless seizure and the subsequent search warrant. Plaintiff has not, therefore, pleaded a plausible claim that the Individual Defendants committed constitutional violations in seizing and searching the Buick.

To the extent Plaintiff contends that some other constitutional violation occurred after the search and seizure, relating to the retention and eventual disposition of the vehicle, Plaintiff has not adequately alleged facts suggesting participation by the Individual Defendants in those later events. And to the extent Plaintiff's contention is that the six-month evidence hold on the vehicle was improper, because he has not responded to the Individual Defendants' motion to dismiss, he offers no law suggesting that the extended hold of a properly seized item "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Edwards v. City of Goldsboro*, 178 F.3d 231, 250 (4th Cir. 1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Moreover, this Court is not aware of any authority on that point. As the Amended Complaint is currently pleaded, then, the Individual Defendants are entitled to qualified immunity for claims relating to the evidence hold.

### III. CONCLUSION

For the reasons stated above, the motions to dismiss are GRANTED and Plaintiff's motion to remand is DENIED. Plaintiff's claims are dismissed without prejudice and this case will be closed. A separate Order follows.


Dated: April 29, 2025
　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　United States District Judge